**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4724

NATHANIEL EDWARD HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-79-1)

Submitted: March 23, 2000

Decided: March 31, 2000

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, John A. Dusenbury, Jr., Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Angela H. Miller,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nathaniel Edward Harris pled guilty to being a felon in possession of a firearm and possession with intent to distribute cocaine base and was sentenced to two-hundred thirty month's imprisonment. Harris' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raises the single claim that the district court erred in denying his motion for a downward departure. Harris was notified of his right to file a supplemental brief but has not done so. In accordance with the requirements of Anders, we have considered the briefs on appeal and examined the entire record for meritorious issues. We find no error and dismiss in part and affirm in part.

The issue raised by counsel in the Anders brief is that the criminal history category as calculated under the United States Sentencing Guidelines and Harris' classification as an Armed Career Criminal, although accurate, significantly overstated the seriousness of his criminal history and his likelihood for future dangerousness. A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to do so. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Because it is clear from the record that the court knew that it had the authority to depart and chose not to do so, we decline to review the denial of the motion to depart and dismiss Harris' appeal as to that issue.

Pursuant to Anders, this Court has reviewed the record for potential error and has found none. Accordingly, although we dismiss that portion of the appeal challenging the denial of the motion for downward departure, we affirm Harris' conviction and sentence in all other respects. We deny counsel's motion to withdraw. This Court requires that counsel inform his client, in writing, of his right to petition to the

2

Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART; AFFIRMED IN PART

3